```
 1                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF PUERTO RICO
 2

 3      THE UNITED STATES OF AMERICA,)
                                     )
 4                 Plaintiff,         )
                                     )
 5      vs.                           )    Case No: CR-96-244 (PG)
                                     )
 6      DAVID PEREZ MONTANEZ,         )
                                     )
 7                 Defendant.         )
 8     _____

 9
                       TRANSCRIPT OF SENTENCING HEARING
10                              HELD BEFORE
                    THE HONORABLE JUAN M. PEREZ-GIMENEZ
11                         FEBRUARY 7, 2014

12     _____

13
                          A P P E A R A N C E S
14

15     For the United States:

16           Ms. Maria Dominguez

17     For the Defendant:

18           Mr. Hector Ramos Vega
```

```
 1                        P R O C E E D I N G S
 2                              --0o0--
 3
 4              THE CLERK:  Criminal number 96-244, United States
 5     of Americas vs. David Perez Montanez for resentencing
 6     hearing.
 7              On behalf of the Government, Assistant U.S.
 8     Attorney Maria Dominguez.  On behalf of the defendant,
 9     Attorney Hector Ramos Vega.
10              The defendant is present in court and being
11     assisted by the official court interpreter.
12              MS. DOMINGUEZ:  Good morning, Your Honor.  The
13     government is ready to proceed.  I would also like the
14     record to reflect that Assistant United States Attorney
15     Nelson Sosa, chief of our appellate division, is with me in
16     representation of the United States.
17              MR. RAMOS:  Good afternoon, Your Honor.  Hector
18     Ramos Vega.  We are almost ready to proceed.
19              THE COURT:  Okay.
20              MR. RAMOS:  Can we approach, Your Honor?
21              THE COURT:  Yes.
22
23              (Whereupon, a discussion was held at
24                  sidebar which was not reported.)
25
```

1    THE COURT: All right. The matter is before the
2    Court for sentence this morning.
3    Counsel, I have read the presentence report. I
4    have it in front of me, and I've read -- on January 24, you
5    filed a sentencing memorandum, very extensive.
6    Did you discuss with your client the updated
7    presentence report?
8    MR. RAMOS: We did, Your Honor.
9    THE COURT: Mr. Perez, did your attorney explain
10   to you the contents of the presentence report?
11   THE DEFENDANT: That is correct.
12   THE COURT: Are there any corrections that need to
13   be made?
14   MR. RAMOS: Not at this time Your Honor.
15   THE COURT: Anything from the government? No
16   corrections?
17   MS. DOMINGUEZ: There was one date that I think
18   has already been taken care of, Your Honor.
19   THE COURT: Yes. It was the date 1996 or '97. It
20   appears '97. It has to be '96.
21   MS. DOMINGUEZ: That's correct, Your Honor.
22   THE COURT: Is there anything you would like say
23   to the Court before I pronounce sentence?
24   MR. RAMOS: Your Honor, I think my sentencing
25   memorandum pretty much covers all the points I want to make,

1  and I think the evidence on the record supports the
2  recommended sentence that we are making.  So I will rely on
3  my sentencing memorandum, Your Honor.
4              THE COURT:  Okay.  Mr. Perez, do you care to state
5  anything?  You don't have to, but you may do so.
6              MR. RAMOS:  Your Honor, he prepared a written
7  statement.  I'm going to help him.
8              THE COURT:  Is it in Spanish?
9              MR. RAMOS:  It's in Spanish, Your Honor.  I don't
10 know if the Court wants him to read it uninterrupted and
11 then have the interpreter --
12             THE INTERPRETER:  May I stand by him?
13             THE COURT:  We'll get it uninterrupted, and then
14 I'll get it --
15             THE INTERPRETER:  Your Honor, I would like to
16 stand by him in case there are some things that I don't
17 understand and to make notes.
18             THE COURT:  If it makes it easier for you.
19             THE INTERPRETER:  Yes.
20             THE COURT:  All right.  Go ahead.
21             THE DEFENDANT:  This morning I would like to
22 express my sincere appreciation to you, Honorable Judge, my
23 legal representation, the U.S. Attorneys' Office, and the
24 public that is present here today.
25             I feel very thankful to be here present once again

1  in this courtroom before you, Your Honor, not like in the
2  past when I was a youth, a minor, without the capacity of
3  showing respectfulness for life without knowing the
4  consequences of my actions.
5         This time I am a man which has been hit hard by
6  life.  And, within the negative, I have learned the
7  positive, that in spite of the adverse situations, I have
8  learned to love life.
9         And each night I ask the Lord for an opportunity
10 to be able to go back to society.  I have gone through very
11 difficult situations in life, the life of an inmate.
12        But each one of them has taught me how to mature
13 and how to see things from another point of view.
14        I learned that life sometimes can be harsh, but we
15 have to respect it and live it.
16        Today I am repentant for the past.  And, facing
17 the future, I thank the Almighty because he has not failed
18 me.
19        I publicly thank my family because they have not
20 left me; my children because, in spite of my conduct, they
21 have not judged me; and the Honorable Judge for allowing me
22 to express myself freely without fearing anything because I
23 feel I am a different man, a changed, free man.
24        I live one day at a time with the hope to be able
25 to love again and be loved.  I know that the decision is in

1  your hands, Your Honor.  And, with utmost respect, I would
2  like you to think of who I am and not what I did in the
3  past; that I can contribute positively in the future and
4  without the negativity of the past.
5          Today with great respect and humbleness, I commit
6  myself before you, Your Honor, and the Honorable Court, to
7  be a man of good, lover of life and family, to take a
8  positive message to the youth so that they don't make the
9  same mistake I made; that they study and prepare themselves
10 as honorable men and useful to the society in which we live.
11         From the deepest of my heart, please receive my
12 sincere repentance and my greatest respect to you and the
13 Honorable Judge.  Thank you.
14         To conclude, I would like to apologize to the
15 relatives of the deceased.
16         MR. RAMOS:  Your Honor, just before concluding, I
17 just wanted the Court to know that inside is the family of
18 Mr. David Perez Montanez, especially his father and his two
19 sons.  He hasn't seen them for 18 years.  I just wanted the
20 Court to take note of that.
21         THE COURT:  Anything from the government?
22         MS. DOMINGUEZ:  Your Honor, of course we
23 understand what the law is pursuant to the case of Miller
24 vs. Alabama.
25         We understand that the Court still has full

1    discretion to sentence this defendant according to your best
2    judgment, but we believe that the recommendation of the
3    defense is to be seriously considered given the
4    circumstances of this defendant during the time of the
5    commission of the offense, the family circumstances.
6              Although he has come from a supportive family
7    environment and has not been subjected to any neglect or
8    abuse, there is some indication in the PSR that he had some
9    shortcomings, learning disabilities, and medical situations
10   that resulted from an injury that he sustained when he was a
11   pre-teenager.
12             And certainly that caused delayed development, and
13   it caused difficulties with learning disabilities and his
14   progression in school.
15             Always we know, Judge, while we do not condone
16   this young man's conduct at the time of the events, he was a
17   juvenile, although he was close to attaining the age of
18   majority at the time of the commission of the offense.
19             And, certainly, even minors are responsible for
20   the consequences of their conduct.  What we do recognize --
21   and the law does also recognize -- is that juveniles are
22   more susceptible to manipulation and undue pressure from
23   adults, and he was the only juvenile amongst the defendants
24   in the case.
25             And we take the defendant's words at face value

1  and are hopeful that he has in fact assimilated the gravity
2  of his conduct and that he has turned over a new leaf.
3      Again, consistent with our representations at
4  sidebar, the U.S. Attorney has authorized us to recommend --
5  but certainly we do agree the with the defense -- a sentence
6  less than life imprisonment would be appropriate in this
7  case.
8      THE COURT:  Thank you.
9      On March 22, 1998, Mr. David Perez Montanez was
10 found guilty as to both counts on superseding indictment
11 criminal 96-244 which charged him with violating Title 18,
12 United States Code, Sections 21193, 924(c)(1) and (2).
13     The defendant was sentenced on July 20, 1998, to
14 life in prison as to count 1 and five consecutive years as
15 to count 2, plus concurrent supervised release terms of five
16 and three years respectively.
17     Mr. Perez Montanez appears today before the Court
18 for resentencing seeking relief pursuant to the case of
19 Miller vs. Alabama, 132 S.Ct. 2455 in the year 2012.
20     The Court has used the November 1, 2013, edition
21 of the United States Sentencing Guideline Manual to apply
22 the now advisory guideline adjustments pursuant to Guideline
23 1B1.11(a).
24     The offense charged in count 2 under Title 18 U.S.
25 Code, Section 924(c)(1) is precluded from the application of

1  the sentencing guidelines as it requires a mandatory
2  statutory term of imprisonment.
3       The offense charged in count 1 involved an armed
4  carjacking resulting in death, and the guideline for a title
5  18 U.S. Code, Section 21193 violation is found in Guideline
6  2B3.1.
7       That section provides that an offense involving
8  robbery has a base offense level of 20 pursuant to Guideline
9  2B3.1(A).
10      As the victim was killed under circumstances
11 constituting murder under Title 18, Section 111 and the
12 killing took place within the territory or jurisdiction of
13 the United States, Guideline 2B3.1(C) would require the
14 application of Guideline 2A1.1.
15      An increase of 23 levels is applied to achieve the
16 appropriate base offense level of 43.  There are no other
17 applicable guideline adjustments.
18      Based on the total offense level of 43 and a
19 criminal history category of II, the guideline imprisonment
20 range for this particular offense is life with a fine range
21 of $25,000 to $250,000 plus a supervised release of three
22 years to five years.
23      The Court has reviewed the updated presentence
24 investigation report and considers that the same is
25 adequately applying the guideline computations and

1  satisfactorily reflects the components of this offense by
2  considering the nature and circumstances of the instant
3  offense and the sentencing factors set forth in 18 U.S.
4  Code, Section 3553(a).
5         In addition, based on the new Constitutional rule
6  in the case of Miller vs. Alabama, the Court has had the
7  opportunity to further consider the characteristics of this
8  defendant.
9         Before the Court is a 35-year-old U.S. citizen, a
10 life-long resident of Puerto Rico, who, at the time of the
11 commission of the instant offense, was 17 years of age.
12        David Perez Montanez remains with a fifth grade
13 education, although most recently, during the time in the
14 Bureau of Prisons, he engaged in courses to further his
15 education and enhance his marketable skills.
16        He has no previous formal employment history, but
17 during his incarceration he has been employed within the
18 alternatives provided by the Bureau of Prisons.
19        He's physically healthy and has no history of drug
20 abuse.
21        When imposing sentence, the Court finds that the
22 defendant was a juvenile at the time of the commission of
23 the instant offense.
24        And, as such, the Court finds, as reiterated in
25 the case of Miller vs. Alabama, that his youth and the

1   characteristics which accompanied his youth, among them,
2   immaturity, impetuosity, and failure to appreciate risks and
3   consequences, as well as the family and home environment
4   that surrounded him and from which he could not easily
5   detach himself, the circumstances of the homicide offense,
6   including the extent of his participation in the conduct and
7   the way familial and peer pressures may have affected him
8   and the incompetencies associated with youth.
9            For example, his inability to deal with
10  police officers and prosecutors included in the plea
11  agreement or his incapacity to assist in his own defense and
12  the possibility and likelihood of rehabilitation are
13  mitigating factors that warrant a variance when sentencing
14  in this case in the best interests of justice.
15           Therefore, it is the judgment of this Court that
16  the defendant is hereby committed to the custody of the
17  Bureau of Prisons to be imprisoned for a term of 300 months
18  as to count 1, 60 months as to count 2 to be served
19  consecutively to the term imposed in count 1 for a total of
20  360 months.
21           Upon release from confinement, you shall be placed
22  on supervised release for a term of five years as to count 1
23  and three years as to count 2, both terms to be served
24  concurrently with each other, under the following terms and
25  conditions:

1                     You shall not commit another federal, state,
2      or local crime and observe the standard conditions of
3      supervised release recommended by the U.S. Sentencing
4      Commission and adopted by this Court.
5                     You shall not unlawfully possess controlled
6      substances and refrain from possessing firearms, destructive
7      devices, and other dangerous weapons.
8                     You shall refrain from any unlawful use of a
9      controlled substance and submit to one drug test within 15
10     days of release; thereafter, submit to random drug testing,
11     not less than three samples during the supervision period
12     and not to exceed 104 samples per year in accordance with
13     the drug aftercare program/policy of the U.S. Probation
14     Officer, approved by this Court.
15                    If any such samples detect substance abuse, the
16     defendant shall participate in an inpatient or outpatient
17     substance abuse treatment program for evaluation and/or
18     treatment as arranged by the U.S. Probation Officer until
19     duly discharged.
20                    You will be required to contribute to the cost of
21     services rendered in an amount arranged by the probation
22     officer based on the ability to pay or the availability of
23     third-party payments.
24                    You shall participate in vocational training
25     and/or job placement program recommended by the probation

1    officer and provide the probation officer access to any
2    financial information upon request.
3            You shall submit your person, property, house,
4    residence, vehicle, papers, computers as defined in
5    1030(e)(1), other electronic communications, and data
6    storage devices or media or offices to a search conducted by
7    a United States Probation Officer at a reasonable time and
8    in a reasonable manner based upon reasonable suspicion of
9    contraband or evidence of a violation of a condition of
10   release.
11           Failure to submit to such a search may be grounds
12   for revocation of release.  You shall warn any other
13   occupants that the premises may be subject to searches
14   pursuant to this condition.
15           You shall participate in transitional support
16   services under the guidelines and supervision of the
17   probation officer, and you shall remain in the services
18   until satisfactorily discharged from the service provider
19   and/or with the approval of the U.S. Probation Officer.
20           Having considered your financial condition, a fine
21   is not imposed.  Restitution as well as monetary assessment
22   in the amount of $200 will be imposed as required by law and
23   has been satisfied.
24           I have to advise you that you have a right to
25   appeal since you were found guilty after a plea of

1    not guilty.
2            Any notice of appeal shall be filed here in the
3    district court within 14 days after the judgment is entered.
4            You have a right to apply for leave to appeal in
5    forma pauperis if you are unable to pay for the costs of the
6    appeal.
7            If you are represented by court-appointed counsel,
8    and shall continue to represent you through the appeal, if
9    any, unless substitute counsel is later appointed.
10           And you will be given credit during your sentence
11   for any days spent in federal custody in connection with the
12   offenses for which sentence has been imposed.
13           That is the sentence of the Court.
14           Anything further, Counsel.
15           MR. RAMOS:  Not from the defense, Your Honor.
16           MS. DOMINGUEZ:  Not from the United States, Your
17   Honor.
18           THE COURT:  Thank you.  You may withdraw.
19
20                   (Proceedings adjourned)
21                          --0o0--
22
23
24
25

```
1    UNITED STATES DISTRICT COURT )
                                  )  ss.
2    OF PUERTO RICO               )
```

**REPORTER'S CERTIFICATE**

I, Kelly Surina, do hereby certify that the above and foregoing, consisting of the preceding 14 pages, constitutes a true and accurate transcript of my stenographic notes and is a full, true and complete transcript of the proceedings to the best of my ability. Dated this 6th day of October, 2014.

S/Kelly Surina_____

Kelly Surina, CSR, RPR, CRR

Official Court Reporter

85 Calle Caribe

San Juan, PR  00917

310-904-2194